Exhibit H

Int 5

Instrument Control Number

[ 1000 05437 ]

**Commonwealth of Virginia**
**Land Record Instruments**
**Cover Sheet -- Form A**

2010 JUN -4 P 3: 35

CYNTHIA P. MORRISON
CIRCUIT COURT CLERK

[ILS VLR Cover Sheet Agent 1.0.59]

Date of Instrument: [ JUN 1 2010 ]

Instrument Type: [ Lien - Federal ]

Number of Parcels [ 5 ]

Number of Pages [ 48 ]

City [X] County [ ]  Portsmouth

(Box for Deed Stamp Only)

**First and Second Grantors**

| Last Name - (ALL CAPS) | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| U.S. EPA | | | |
| | | | |

**First and Second Grantees**

| Last Name - (ALL CAPS) | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| JSP Land company | | | |
| The Peck company | | | |

Grantee Address  (Name)
(Address 1) [ Old Buxton Point Rd ]
(Address 2)
(City, State, Zip)

Consideration [ ] Existing Debt [ ] Assumption Balance [ ]

Prior Inst. Recorded at: City [ ] County [ ] [ ] Percent. In this Juris. [ ]
Book [ ] Page [ ] Instr. No [ ]
**Parcel Identification No (PIN)** [ ]
**Tax Map Num.** (If different than PIN) [ ]
**Short Property Description** [ ]

Current Property Address (Address 1) → See attached sheet
(Address 2)
(City, State, Zip)

Instrument Prepared by
Recording Paid for by
Return Recording to (Name) [ ]
(Address 1)
(Address 2)
(City, State, Zip)

United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103

Wanda Lewis (3RC10)

Customer Case ID [ ]

Cover Sheet Page [ 1 ] of [ 2 ]

## FEDERAL SUPERFUND LIEN
## (CERCLA)

<u>Name of Property Affected</u>:    **Peck Iron and Metal Site**

<u>Name of Owners</u>:    JSP Land Company,Inc.,
The Peck Company
Peck-Portsmouth Recycling Co..

<u>Addresses of Properties</u>:

1.City of Portsmouth Tax Parcel 0386-0020 (Parcel 2, which is owned by JSP);

2.  City of Portsmouth Tax Parcel 0386-0025 (Parcel 2.5, which is owned by JSP);

3.  City of Portsmouth Tax Parcel 0386-0026 (Parcel 2.6, which is owned by the Peck-Portsmouth Recycling Co., successor to the Peck-Portsmouth Land Co.);

4.  City of Portsmouth Tax Parcel 0386-0028 (Parcel 2.8, which is owned by JSP);

5.  City of PortsmouthTax Parcel 0386-0029 (Parcel 2.9, which is owned by Peck).

        (See Attached Deeds and map)

## FEDERAL SUPERFUND LIEN
## (CERCLA)

Name of Property Affected: **Peck Iron and Metal Site**

Name of Owners:                  JSP Land Company,Inc.,
                                 The Peck Company
                                 Peck-Portsmouth Recycling Co.

Addresses of Properties:

1.  City of Portsmouth Tax Parcel 0386-0020 (Parcel 2, which is owned by JSP);

2.  City of Portsmouth Tax Parcel 0386-0025 (Parcel 2.5, which is owned by JSP);

3.  City of Portsmouth Tax Parcel 0386-0026 (Parcel 2.6, which is owned by the Peck-Portsmouth Recycling Co., successor to the Peck-Portsmouth Land Co.);

4.  City of Portsmouth Tax Parcel 0386-0028 (Parcel 2.8, which is owned by JSP);

5.  City of Portsmouth Tax Parcel 0386-0029 (Parcel 2.9, which is owned by Peck).
    (See Attached Deeds and map)

For Information Contact:

                                 James Van Orden (3RC42)
                                 U.S. EPA Region III
                                 1650 Arch Street
                                 Philadelphia, PA 19103
                                 (215) 814-2693

---

## NOTICE OF LIEN

---

Notice is hereby given by the United States Environmental Protection Agency (EPA), on behalf of the United States, that the United States holds a lien on the properties described in the attached pages. Pursuant to Section 107(l) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9607(l), as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 (CERCLA), a lien is created in favor of the United States upon all real property and rights to such property which belong to persons liable for costs and damages pursuant to 42 U.S.C. § 9607(a) and which property is subject to or affected by a removal or remedial action. This lien arises either at the time the United States first incurs costs with regard to a CERCLA response action or when the person(s) liable for such costs and damages is provided with written notice of potential liability, whichever is later. See 42 U.S.C. § 9607(l)(2). The lien continues until liability for costs and damages (or any decree or judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the applicable statute of limitations contained in Section 113

of CERCLA, 42 U.S.C. § 9613.  Because response activities are ongoing, the amount covered by the lien will increase as interest continues to accrue.  The documents which support the placement of this lien can be found in the "Lien Filing Record."  Said Record is available for review at the Office of EPA, Region III at the address noted above.

Authority to file lien notices was delegated to the Administrator of EPA on January 29, 1987 by Executive Order 12580, 52 Federal Register 2923 (Jan. 29, 1987), and further delegated to the Regional Administrators on September 13, 1987, by EPA Delegation No. 14-26. This authority was further re-delegated by the Regional Administrator of EPA Region III to the Regional Counsel on April 6, 1988, by EPA Region III Delegation No. 14-26.

DATE NOTICE OF LIABILITY GIVEN:        May 20, 2009

DATE COSTS WERE FIRST INCURRED:        October 5, 2006

EPA COSTS THROUGH 01/08/2010:          $617,973.46

ESTIMATED TOTAL COSTS                  $70,617,973

Future costs may continue to be incurred at this Site and have not yet been determined by EPA to be recoverable costs.  EPA is entitled to recover only costs that are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (NCP) at 40 C.F.R. § 300; see Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

_____
Joseph Lisa
Acting Regional Counsel
U.S. EPA Region III

_____6/1/2010_____
Date

Subscribed and sworn before me on this, the

____1st____ day of

__June__, 2010.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Virginia Cody, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Jan. 9, 2011
Member, Pennsylvania Association of Notaries

BOOK 1008 PAGE 550

#–20422 1922
State Tax – $
City Tax – $

THIS DEED, made this 19th day of _____MAY_____, 1988,
by and between PECK IRON & METAL COMPANY, INCORPORATED, a
Virginia corporation, party of the first part, and PECK
PORTSMOUTH LAND CO., a Virginia corporation, party of the
second part, whose mailing address is 3500 Elm Avenue,
Portsmouth, Virginia 23702.

### WITNESSETH:

That for and in consideration of the sum of Ten Dollars
($10.00), cash in hand paid, and other good and valuable
consideration, the receipt of which is hereby acknowledged,
the said party of the first part does hereby grant and convey
with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE, unto
the said party of the second part, the following described
property, to-wit:

ALL THAT certain lot, piece or parcel of land,
with the buildings and improvements thereon,
together with all the rights and privileges
thereunto belonging, situate in the City of
Portsmouth, Virginia, containing 22.924 acres as
shown on the plat designated as Parcel "B" on
that certain plat known as "Corrected & Ammended
Minor Subdivision of Property of Peck Iron &
Metal Company, Incorporated, Portsmouth,
Virginia," made by Hoggard/Eure Associates,
Surveyors/Planners/Engineers, dated April 20,
1988, recorded in the Clerk's Office of the
Circuit Court of the City of Portsmouth,
Virginia, at Map Book 14, at Page 106.

IT BEING a part of the same property conveyed to
the grantor herein by deed of The Procter &
Gamble Manufacturing Company, an Ohio
corporation, dated January 26, 1960 and duly
recorded in the Clerk's Office of the Circuit
Court of the City of Portsmouth, Virginia in Deed
Book 339, at Page 386 and on December 30, 1963,

LIVESAY & LISCOB, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23703

-1-

BOOK 1008 PAGE 551

and duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia in Deed Book 417, at page 480.

This deed is made subject to the conditions, restrictions, easements and reservations of record, if any, affecting the subject property and constituting constructive notice.

WITNESS the following signature and seal:

PECK IRON & METAL COMPANY, INCORPORATED

By _Julius S. Peck_ (SEAL)
President

STATE OF VIRGINIA, AT LARGE
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was duly executed and acknowledged before me this 13th day of MAY , 1988, by JULIUS S. PECK as President of PECK IRON & METAL COMPANY, INCORPORATED, a Virginia corporation.

Notary Public
My commission expires: 1/12/90

The recordation taxes on this instrument are exempt pursuant to Section 58.1-811A(9) of the Code of Virginia, 1950, as amended.

VIRGINIA: — In the Clerk's Office of the Circuit Court of the City of Portsmouth, This Deed was received this 23rd day of June 1988 at 11:06 M. and upon certificate..........of acknowledgment, thereto annexed, admitted to record. Teste: Walter M. Edmonds, Clerk   By _____ D. C.

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-2-

BOOK 1008 PAGE 550

# 20422

State Tax - $
City Tax - $

THIS DEED, made this 13th day of MAY , 1988, by and between PECK IRON & METAL COMPANY, INCORPORATED, a Virginia corporation, party of the first part, and PECK PORTSMOUTH LAND CO., a Virginia corporation, party of the second part, whose mailing address is 3500 Elm Avenue, Portsmouth, Virginia 23702.

### WITNESSETH:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, the said party of the first part does hereby grant and convey with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE, unto the said party of the second part, the following described property, to-wit:

ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon, together with all the rights and privileges thereunto belonging, situate in the City of Portsmouth, Virginia, containing 22.924 acres as shown on the plat designated as Parcel "B" on that certain plat known as "Corrected & Ammended Minor Subdivision of Property of Peck Iron & Metal Company, Incorporated, Portsmouth, Virginia," made by Hoggard/Eure Associates, Surveyors/Planners/Engineers, dated April 20, 1988, recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia, in Map Book 14 at Page 106.

IT BEING a part of the same property conveyed to the grantor herein by deed of The Procter & Gamble Manufacturing Company, an Ohio corporation, dated January 26, 1960 and duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia in Deed Book 339, at Page 386 and on December 30, 1963,

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-1-

BOOK 1008 PAGE 551
and duly recorded in the Clerk's Office of the
Circuit Court of the City of Portsmouth, Virginia
in Deed Book 417, at page 480.

This deed is made subject to the conditions,
restrictions, easements and reservations of record, if any,
affecting the subject property and constituting constructive
notice.

WITNESS the following signature and seal:

PECK IRON & METAL COMPANY,
INCORPORATED

By _Julius S. Peck_ (SEAL)
President

STATE OF VIRGINIA, AT LARGE
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was duly executed and
acknowledged before me this 13TH day of MAY , 1988,
by JULIUS S. PECK as President of PECK IRON & METAL COMPANY,
INCORPORATED, a Virginia corporation.

Notary Public
My commission expires: 1/12/90

The recordation taxes on this instrument are exempt pursuant to
Section 58.1-811A(9) of the Code of Virginia, 1950, as amended.

VIRGINIA: — In the Clerk's Office of the Circuit Court of the City of Portsmouth.
This Deed was received this 23 day of June 1988 at 11:06 A.M. and
upon certificate............of acknowledgment, thereto annexed, admitted to record.
Teste: Walter M. Edmonds, Clerk   By Allie Elliott D. C.

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-2-

Case 2:24-cv-00487-RBS-DEM Document 1-9 Filed 08/01/24 Page 10 of 49 PageID# 72

BOOK 1008 PAGE 554

# 20424 88 P₂₁₀

State Tax - $

City Tax - $

JULIUS S. PECK and
BESS P. PECK, his wife

to

### DEED OF BARGAIN AND SALE

JSP LAND CO.,
a Virginia corporation

THIS DEED, made this 1st day of January, 198 8, by and between JULIUS S. PECK and BESS P. PECK, his wife, parties of the first part, and JSP LAND CO., a Virginia corporation, party of the second part, whose mailing address is 3500 Elm Avenue, Portsmouth, Virginia 23704.

WITNESSETH: That for and in consideration of the sum of TEN DOLLARS ($10.00), cash in hand paid, the receipt of which is hereby acknowledged, and other good and valuable considerations, the said parties of the first part do hereby grant and convey, with GENERAL WARRANTY and with ENGLISH COVENANTS OF TITLE, unto the said party of the second part, the following described property, to-wit:

> BEGINNING at an iron pipe which is placed approximately eight (8) feet from the center line of the Cradock Mfg. Company spur track of the Norfolk and Portsmouth Belt Line Railroad where said spur track crosses the roadway separating the property of the above named grantor from the property of the Portsmouth Cotton Oil Refining Corporation, said road running from east to west; thence in a westerly direction from said iron pipe along said roadway a distance of four hundred feet (400), more or less, thence in a southerly direction perpendicular to said roadway two hundred feet (200); thence in an easterly direction paralleling said roadway to a point eight (8) feet west of the center of said spur track; thence northerly paralleling the said spur track at a distance of eight (8) feet from the center of the same to the point of beginning, being two (2) acres, more or less.

> IT BEING the same property conveyed to Julius S. Peck by deed of Trites Rendering Incorporation, a Virginia corporation, dated July 29, 1947, and duly recorded in the

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-1-

Clerk's Office of the Circuit Court of the
City of Chesapeake, Virginia, in Deed Book
878, at page 543.

This conveyance is made expressly subject to the
conditions, restrictions and easements of record constituting
constructive notice; however, it is not the intention of this
deed to reimpose same.

WITNESS the following signatures and seals:

_Julius S. Peck_ (SEAL)
Julius S. Peck

_Bess P. Peck_ (SEAL)
Bess P. Peck

STATE OF VIRGINIA, AT LARGE
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was duly executed and
acknowledged before me this _14th_ day of _January_, 1988,
by JULIUS S. PECK and BESS P. PECK, his wife.

_Von H. Lefar_
Notary Public
My commission expires: _1/12/90_

The recordation taxes on this instrument are exempt pursuant to
Section 58.1-811A(6) of the Code of Virginia, 1950, as amended.

VIRGINIA: — In the Clerk's Office of the Circuit Court of the City of Portsmouth.
This Deed was received this _22ND_ day of _June_ 19_88_ at _11:00_ M. and
upon certificate............of acknowledgment, thereto annexed, admitted to record.
Teste: Walter M. Edmonds, Clerk   By _Cecelia Ellett_ D. C.

P 2,5

#20420 . 37

BOOK 1008 PAGE 542

State Tax - $ _____

City Tax - $ _____

JULIUS S. PECK and
BESS P. PECK

to                                    **DEED OF BARGAIN AND SALE**

JSP LAND CO.,
a Virginia corporation

THIS DEED, made this _1st_ day of ___January___,
198_8_, by and between JULIUS S. PECK and BESS P. PECK, his
wife, parties of the first part, and JSP LAND CO., a Virginia
corporation, party of the second part, whose mailing address
is 3500 Elm Avenue, Portsmouth, Virginia 23704.

WITNESSETH: That for and in consideration of the sum
of TEN DOLLARS ($10.00), cash in hand paid, the receipt of
which is hereby acknowledged, and other good and valuable
considerations, the said parties of the first part do hereby
grant and convey, with GENERAL WARRANTY and with ENGLISH
COVENANTS OF TITLE, unto the said party of the second part,
the following described property, to-wit:

> All those certain tracts, pieces or parcels
> of land, with the buildings and improvements
> thereon, situate in Portsmouth, Virginia,
> formerly Western Branch Magisterial District
> of Norfolk County, Virginia, being bounded
> and described as follows:
>
> **FIRST:**
>
> That certain tract of land, situate in
> Western Branch Magisterial District, in the
> County of Norfolk, State of Virginia, as
> shown on the Map of the Property of the
> Cradock Manufacturing Company, made by G.H.
> Massey, C.E., and dated October 6, 1920, and
> more particularly bounded and described on
> said Map as follows:
>
> Beginning at a pipe, which is the southeast
> corner of the land of the Portsmouth Cotton
> Oil & Refining Corporation, now the land of
> The Proctor and Gamble Manufacturing Company,
> at the intersection of a certain roadway
> shown on said plat as containing 0.8016
> acres, and is defined on said Map as
> extending west from the right of way of the
> Virginia Railway and Power Company (the said
> right of way of the Virginia Railway and

LIVESAY & LEFCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-1-

BOOK 1008 PAGE 543

Power Company is now a part of the Norfolk Navy Yard) to the property of the Portsmouth Cotton Oil & Refining Corporation, now the property of the Proctor and Gamble Manufacturing Company, 512.60 feet to a stone; thence on a curved line, with a radius of 347.83 feet, a distance of 339.54 feet to a stob; thence south 74 degrees 59 minutes east, 102.11 feet to a stob; thence southeasterly along a curved line, with a radius of 587.05 feet, a distance of 177.83 feet to a stob (now a point in State Highway Route No. 337); thence southeasterly on a curved line, having a radius of 2924.93 feet, a distance of 570 feet along the right of way for County Road to a stob (the said right of way for County Road as to a part thereof for a distance of 336.45 feet is now a part of said State Highway Route No. 337 and a part of the Norfolk Navy Yard, and as to the other part of the said right of way for County Road for a distance of 233.55 feet is now a part of the Norfolk Navy Yard); thence south 14 degrees 55 minutes east along said right of way for County Road (this much of said right of way for County Road is now a part of the Norfolk Navy Yard), a distance of 114.25 feet to the intersection of said roadway hereinbefore first mentioned; thence westerly north 85 degrees 33 minutes west 293.12 feet to the point of beginning; excepting and reserving therefrom unto the Cradock Manufacturing Company, Incorporated, a 30-foot right of way for the exclusive use of the said Cradock Manufacturing Company, Incorporated, and/or its assigns, for a railroad, the same extending through said property from north to south 15 feet on either side of the center of said property (that is, the center of said 30-foot right of way); the above described property containing 2.3024 acres, exclusive of the right of way hereinbefore mentioned.

Save and except those parcels of land which have been previously conveyed by the said Joseph W. Dunkum, said parcels being more particularly described as Parcels (a), (b) and (c) in the deed dated June 28, 1944, between Joseph W. Dunkum, unmarried, and Frank W. Dunkum, of record in the Clerk's Office of the Circuit Court of Norfolk County in Deed Book 774, page 507.

## SECOND:

All that certain piece, parcel or tract of land, comprising an area of one acre, with the improvements thereon and the appurtenances thereto belonging, situate in Western Branch Magisterial District of Norfolk County, State of Virginia, bounded and described as follows:

LIVESAY & LEPCON, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-2-

Beginning at an iron rod, which is placed 60 feet from the center of the track of the Virginia Railway and Power Company, afterward the Virginia Electric and Power Company, and now the land of Norfolk County, thence running in a southerly direction 223.47 feet to an iron post; thence in a westerly direction 206.3 feet to an iron post; thence in a northerly direction 223.47 feet to an iron post, and thence running in an easterly direction 206.3 feet to the point of beginning; a plat of the survey of the said land is recorded in the Clerk's Office of the Circuit Court of Norfolk County, in Map Book 19, page 12.

### THIRD:

All that certain tract, piece or parcel of land, situate, lying and being in Western Branch Magisterial District of Norfolk County, Virginia, near Burton's Point, bounded and described as follows:

Beginning at a stob located 15 feet from the center line of the Cradock Manufacturing Company's branch track from the Norfolk and Portsmouth Belt Line Railroad, where such branch track intersects the south line of the road leading to Burton's Point, and running thence south 80 degrees 45 minutes east, 16.17 feet to an iron rod at the line of J.W. Dunkum's property; thence along Dunkum's line, south 9 degrees 52 minutes east, 223.47 feet to another iron rod; thence north 80 degrees 45 minutes west, 231.5 feet to a stob; thence along the line of the branch track and 15 feet from its center line, north 45 degrees 11 minutes east, 99.83 feet to another stob; thence along the line of the branch track as it curves and 15 feet from its center line, 156.5 feet to the beginning; containing .55 acres, more or less, the tract being sold by the boundary, a map of the said tract being recorded in the Clerk's Office of the Circuit Court of Norfolk County in Map Book 19, page 68.

### FOURTH:

All those certain tracts, pieces or parcels of land, situate, lying and being in Western Branch Magisterial District of Norfolk County, Virginia, bounded and described as follows:

Parcel 1: Beginning at a point radial to and distant 27 feet southwesterly from Sta. 1/31 "B" of the hereinbelow described plan and construction centerline of Rt. 337, Proj. 1411-A4; thence southeasterly with a 135-foot radius curve, 20 feet, more or less, to a point radial to and distant 27 feet

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

southwesterly from Sta. 1/48 "B"; thence southwesterly 23 feet, more or less, to a point on the northern right of way line of a 30-foot road, being a corner in the line of Dunkum; thence northeasterly with a line of Dunkum and with a 204.66 foot radius curve, 38 feet, more or less, to the beginning, and containing 0.004 acre, more or less, of land.

Parcel 1 is further described as being a small triangularly shaped strip or parcel lying on the west side of and adjacent to the above mentioned highway where it turns sharply to the east, and lying adjacent to and east of the lands of J.W. Dunkum.

Parcel 2: Beginning at a point on the southern right of way line of a 30-foot road, being a corner in the line of Dunkum, said point being 72 feet, more or less, from and radial to Sta. 1/68 "B" of the hereinbelow described plan and construction centerline of Rt. 337, Proj. 1411-A4; thence easterly with the said southern right of way line 10 feet, more or less, to a point 66 feet from and radial to Sta. 1/72 "B" of said centerline; thence southeasterly 50 feet, more or less, to a point 40 feet, more or less, distant from and radial to Sta. 2/01 "B" of said centerline, said point being 60 feet from and opposite Sta. 11/90 of the hereinbelow described survey and plan centerline of Rt. 681, Proj. 1411-A3; thence with the west right of way line of said Rt. 681, south 3 degrees 54 minutes west, parallel to last named centerline 50 feet, more or less, to a point opposite Sta. 12/40 of last named centerline, being the intersection of a property line of said Dunkum with aforesaid right of way line; thence southwesterly with a 362.74 foot radius curve and with the said property line, 124 feet, more or less, to a point, a corner in the lands of Dunkum, said point being 152 feet, more or less, from and radial to Sta. 13/35 of last named centerline; thence with a property line of said Dunkum northerly 68.02 feet to a point, 170 feet, more or less, from and opposite Sta. 12/50 of last named center line; thence with a third line of said Dunkum northeasterly 52.52 feet to a point, 139 feet, more or less, from and opposite Sta. 12/09 of last named centerline; thence with a fourth line of said Dunkum and with a 204.66 foot radius curve, northeasterly 40 feet, more or less, to the beginning, and containing 0.17 acre, more or less, of land.

Parcel 2 is further described as being that small parcel of land lying southwest of and adjacent to Rt. 337, Rt. 681 and a 30-foot road at their intersection, and being adjacent to other lands of J.W. Dunkum;

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-4-

parcels 1 and 2 both being portions of land conveyed to the County of Norfolk by the Norfolk-Portsmouth Bridge Corporation by deed dated August 3, 1928, and recorded in the Clerk's Office of the Circuit Court of Norfolk County, in Deed Book 583, page 388, and released and quitclaimed to the Commonwealth of Virginia by the Norfolk-Portsmouth Bridge, Incorporated, successor to the aforesaid Corporation, by deed dated May 31, 1943, on record in aforesaid Clerk's Office in Deed Book 762, page 30.

The centerlines referred to above in descriptions for Parcels 1 and 2 are shown on Sheet No. 3-A of plans for Routes 337 and 681, Project 1411-A3,4, on file in the office of the Department of Highways at Richmond, Virginia; the plan and construction centerline of Route 337, Project 1411-A4, beginning at Sta. P.O.C. 1/31 "B"; thence with a 108.0 foot radius curve through a central angle of 91 degrees 00 minutes left to approx. Sta. P.O.C. 2/44 "B" = approx. Sta. P.O.T. 11/76 (Rt. 681); and the survey and plan centerline of Route 681, Project 1411-A3, beginning at approx. Sta. P.O.T. 11/76 = approx. Sta. P.O.C. 2/44 "B" (Rt. 337); thence south 3 degrees 54 minutes west, 74.2 feet, more or less, to Sta. P.C. 12/50.2; thence with an 818.51 foot radius curve through a central angle of 37 degrees 03 minutes right, 84.8 feet to Sta. P.O.C. 13/35.

IT BEING the same property conveyed to the said Julius S. Peck, formerly Julius S. Pecker, by deed of Joseph W. Dunkum, et al, dated August 6, 1945, and recorded in the Clerk's Office of the Circuit Court of the City of Chesapeake, Virginia, formerly Norfolk County, in Deed Book 793, at page 51.

This conveyance is made expressly subject to the conditions, restrictions and easements of record constituting constructive notice; however, it is not the intention of this deed to reimpose same.

WITNESS the following signatures and seals:

_Julius S. Peck_ (SEAL)
Julius S. Peck

_Bess P. Peck_ (SEAL)
Bess P. Peck

LIVESAY & LEPCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-5-

BOOK 1008 PAGE 547

STATE OF VIRGINIA, AT LARGE
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was duly executed and
acknowledged before me this 14th day of _January_, 1989,
by JULIUS S. PECK and BESS P. PECK, his wife.

Notary Public
My commission expires: 1/12/90

The recordation taxes on this instrument are exempt pursuant to
Section 58.1-811A(6) of the Code of Virginia, 1950, as amended.

VIRGINIA: — In the Clerk's Office of the Circuit Court of the City of Portsmouth.
This Deed was received this 22nd day of June 19 __ at 1100 M. and
upon certificate........of acknowledgment, thereto annexed, admitted to record.
Teste: Walter M. Edmonds, Clerk    By _Carolyn Elliott_ D. C.

PERAY & LEFCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-6-

P 2.8

20421

BOOK 1008 PAGE 548

F. _____ . TO 88

State Tax - $ _____

City Tax - $ _____

JULIUS S. PECK and
BESS P. PECK, his wife

to                                    **DEED OF BARGAIN AND SALE**

JSP LAND CO.,
a Virginia corporation

THIS DEED, made this _1st_ day of _January_ ,
198 _8_ , by and between JULIUS S. PECK and BESS P. PECK, his
wife, parties of the first part, and JSP LAND CO., a Virginia
corporation, party of the second part, whose mailing address
is 3500 Elm Avenue, Portsmouth, Virginia 23704.

WITNESSETH: That for and in consideration of the sum
of TEN DOLLARS ($10.00), cash in hand paid, the receipt of
which is hereby acknowledged, and other good and valuable
considerations, the said parties of the first part do hereby
grant and convey, with GENERAL WARRANTY and with ENGLISH
COVENANTS OF TITLE, unto the said party of the second part,
the following described property, to-wit:

### PARCEL "A"

ALL THAT certain parcel of land, with its
appurtenances, situated in the City of
Portsmouth, Virginia, bounded and described as
follows:

BEGINNING at a point on the South side of
Burtons Point Road, at the Northeast corner of
the property of H.W. West, as shown on a
certain plat of the property of the said H.W.
West, of record in the Clerk's Office of the
Circuit Court of Norfolk County, Virginia, in
Map Book 19, page 89; thence along the said
Burtons Point Road S 80° 10' E 115 feet;
thence S 7° 38' W 442.6 feet; thence N 82  22'
W 115 feet; thence N 7° 38' E 447 feet to the
point of beginning, containing 1.174 acres.

### PARCEL "B"

ALL THAT certain land, with its appurtenances,
situated in the City of Portsmouth, Virginia,
and more particularly bounded and described as
follows:

LIVESAY & LEFCOE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-1-

BOOK 1008 PAGE 548

BEGINNING on the South side of the Burtons Point Road, in East line of the Portsmouth Cotton Oil Refining Company's property; thence S 80 10' E 187.4 feet along the South line of the Burtons Point Road; thence S 7 38' W 632.1 feet, and parallel with the Portsmouth Cotton Oil Refining Company's East line; thence N 82 22' West 187.3 feet to the East line of the Cotton Oil Refining Company's East line; thence N 82 22' West 187.3 feet to the East line of the Portsmouth Cotton Oil Refining Company; thence N 8 38' East 639.3 feet along the East line of the Portsmouth Cotton Oil Refining Company to the beginning; containing 2.733 acres.

IT BEING the same property conveyed to Julius S. Peck by deed of Richard B. Kellam, Special Commissioner, et al, dated September 29, 1950, and duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia in Deed Book 223, page 453.

This conveyance is made expressly subject to the conditions, restrictions and easements of record constituting constructive notice; however, it is not the intention of this deed to reimpose same.

WITNESS the following signatures and seals:

_Julius S. Peck_ (SEAL)
Julius S. Peck

_Bess P. Peck_ (SEAL)
Bess P. Peck

STATE OF VIRGINIA, AT LARGE
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was duly executed and acknowledged before me this _14th_ day of _January_, 1988, by JULIUS S. PECK and BESS P. PECK, his wife.

_Jon H. Cofer_
Notary Public
My commission expires: _1/12/90_

The recordation taxes on this instrument are exempt pursuant to Section 58.1-811A(6) of the Code of Virginia, 1950, as amended.

VIRGINIA: — In the Clerk's Office of the Circuit Court of the City of Portsmouth, This Deed was received this _22nd_ day of _June_ 1988 at _11:03_ A.M. and upon certificate........of acknowledgment, thereto annexed, admitted to record. Teste: Walter M. Edmonds, Clerk By _Ardyth Elliott_ D. C.

LIVESAY & LECROE, LTD.
ATTORNEYS AT LAW
PORTSMOUTH, VA 23705

-2-

0000  3574

Instrument Control Number



0BD047674

## Commonwealth of Virginia
## Land Record Instruments
## Cover Sheet – Form A

[ILS VLR Cover Sheet Agent 1.0 59]

**Date of Instrument:** APRIL 15, 2003

Instrument Type: DEED OF EXCHANGE

Number of Parcels: FOUR

Number of Pages: 8

City of PORTSMOUTH

### First and Second Grantors

| Last Name - (ALL CAPS) | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| PECK-PORTSMOUTH RECYCLING CO. ELM LEASING CO. | | | |

### First and Second Grantees

| Last Name - (ALL CAPS) | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| PECK-PORTSMOUTH RECYCLING CO. ELM LEASING CO. | | | |

**Grantee Address**  (Name)  - PECK-PORTSMOUTH RECYCLING CO.
(Address 1)  -  6500 HARBOUR VIEW COURT, SUITE 103
(Address 2)  -
(City, State, Zip)-  MIDLOTHIAN, VA  23112  ,

**Consideration** [ $0 ]   Existing Debt [   ]   Assumption Balance [   ]

Prior Inst. Recorded at:  City OF PORTSMOUTH                Percent. In this Juris. -
Book - [   ]   Page - [   ]   Instr. No - [   ]
**Parcel Identification No (PIN)**   - 0086-0026, 0386-0027
**Tax Map Num.** (If different than PIN)  -
**Short Property Description**   - METES AND BOUNDS AND PARCELS A & B, "CORRECTED
AND AMENDED MINOR SUBDIVISION OF PROPERTY OF
PECK IRON AND METAL COMPANY, INC., PORTSMOUTH,
VA",
OF PARCELS A AND B, MAP BOOK 14, PAGE 106
Current Property Address(Address 1)   - 3560 ELM AVENUE
(Address 2)   -
(City, State, Zip)-  PORTSMOUTH, VA  23704

Cover Sheet Page 1 of 1

Instrument Prepared by                - Cooper, Spong & Davis, P.C.

Recording Paid for by                - Cooper, Spong & Davis, P.C.

Return Recording to      (Name)        - Cooper, Spong & Davis, P.C.

                       (Address 1)   - P.O. Box 1475

                       (Address 2)   -

                       (City, State, Zip) - Portsmouth, VA  23705-1475

Customer Case ID        [ 702536 ]        [DCH ]     [   ]

0 0 0 0

PECK-PORTSMOUTH RECYCLING CO.,
a Virginia corporation

TO AND FROM                                    DEED OF EXCHANGE

ELM LEASING CO.,
a Virginia corporation

THIS DEED OF EXCHANGE, made and entered into this 15th day of April, 2003, by and

between, PECK-PORTSMOUTH RECYCLING CO., a Virginia corporation, formerly PECK-

PORTSMOUTH LAND CO., a Virginia corporation, Grantor and Grantee, party of the first part,

whose address is 6500 Harbour View Court, Suite 103, Midlothian, Virginia 23112, and ELM

LEASING CO., a Virginia corporation, Grantor and Grantee, party of the second part, whose

address is 6500 Harbour View Court, Suite 103, Midlothian, Virginia 23112.

WITNESSETH:

WHEREAS, the party of the first part is the owner of the following described tract or

parcel of land, with improvements thereon and appurtenances thereunto pertaining, to-wit:

See Exhibit A attached hereto and made a part hereof; and

WHEREAS, the party of the second part is the owner of the following described tract or

parcel of land, with improvements thereon and appurtenances thereunto pertaining, to-wit:

See Exhibit B attached hereto and made a part hereof; and

WHEREAS, the parties hereto have prepared a new plat of the said properties entitled,

"RESUBDIVISION OF PARCELS 'A' AND 'B' AS SHOWN IN MAP BOOK 14, PAGE 106",

dated March 18, 2003, made by Hoggard/Eure Associates, P.C., Engineers • Surveyors •

Tax Map & Parcel Nos. 0386 0026 and 0386 0027

This instrument prepared by:
Cooper, Spong & Davis, P.C.
P.O. Box 1475
Portsmouth, Virginia 23705-1475                    1

ru Un 04/10/2006 By CLERKS OFFICE

Planners, and recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth,

Virginia in Map Book 19, page 131, whereby the parties have changed the boundary lines

between their respective parcels, and they wish to exchange portions of each parcel to reflect the

boundary lines shown on the said new plat.

NOW, THEREFORE, THAT for and in consideration of the sum of One Dollar ($1.00)

cash in hand paid, and the conveyance of the hereinafter described tract of land, the said party of

the first part does hereby grant, bargain, sell and convey with GENERAL WARRANTY and

ENGLISH COVENANTS OF TITLE unto Elm Leasing Co., the following described tract or

parcel of land, with improvements thereon and appurtenances thereunto pertaining, to-wit:

See Exhibit C attached hereto and made a part hereof.

AND for and in consideration of the sum of One Dollar ($1.00) cash in hand paid, and the

conveyance of the hereinafter described tract of land, the said party of the second part does

hereby grant, bargain, sell and convey with GENERAL WARRANTY and ENGLISH

COVENANTS OF TITLE unto Peck-Portsmouth Recycling Co., the following described tract or

parcel of land, with improvements thereon and appurtenances thereunto pertaining, to-wit:

See Exhibit D attached hereto and made a part hereof.

THESE conveyances are made expressly subject to the restrictions, conditions, rights-of-

way, and easements, if any, contained in the instruments constituting the chain of title to the

properties conveyed herein.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

2

0 0 0 0 1 0 5 7 8

WITNESS the following signatures and seals, thereunto duly authorized:

Peck-Portsmouth Recycling Co.

By: B David Peck

B. David Peck, President

Elm Leasing Co.

By: B David Peck

B. David Peck, President

STATE OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was acknowledged before me by B. David Peck, President of Peck-Portsmouth Recycling Co., a Virginia corporation, on behalf of the corporation.

_Cindia M King_
Notary Public

My commission expires: 5/31/06

STATE OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was acknowledged before me by B. David Peck, President of Elm Leasing Co., a Virginia corporation, on behalf of the corporation.

_Cindia M King_
Notary Public

My commission expires: 5/31/06

3

EXHIBIT A

ALL THAT certain lot, piece or parcel of land, with the buildings
and improvements thereon, together with all rights and privileges
thereunto belonging, situate in the City of Portsmouth, Virginia,
containing 22.924 acres as shown on the plat designated as Parcel
"B" on that certain plat known as "Corrected & Amended Minor
Subdivision of Property of Peck Iron & Metal Company,
Incorporated, Portsmouth, Virginia" made by Hoggard/Eure
Associates, Surveyors/Planners/Engineers, dated April 20, 1988,
recorded in the Clerk's Office of the Circuit Court of the City of
Portsmouth, Virginia in Map Book 14, at Page 106.

IT BEING the same property conveyed to Peck-Portsmouth Land
Co. by deed of Peck Iron & Metal Company, Incorporated, dated
May 18, 1988, and duly recorded in the aforesaid Clerk's Office in
Deed Book 1008, at Page 550. On December 27, 1989 Peck-
Portsmouth Land Co. merged into Peck-Portsmouth Recycling Co.
as shown by Certificate of Merger recorded in the said Clerk's
Office in Deed Book 1302, at Page 1152.

4

## EXHIBIT B

ALL THAT certain lot, piece or parcel of land, with the buildings
and improvements thereon, together with all rights and privileges
thereunto belonging, situate in the City of Portsmouth, Virginia,
containing 2.990 acres as shown on the plat designated as Parcel
"A" on that certain plat known as "Corrected & Amended Minor
Subdivision of Property of Peck Iron & Metal Company,
Incorporated, Portsmouth, Virginia" made by Hoggard/Eure
Associates, Surveyors/Planners/Engineers, dated April 20, 1988,
recorded in the Clerk's Office of the Circuit Court of the City of
Portsmouth, Virginia in Map Book 14, at Page 106.

IT BEING the same property conveyed to Elm Leasing Co. by deed
of Peck Iron & Metal Company, Incorporated, dated May 18, 1988,
and duly recorded in the aforesaid Clerk's Office in Deed Book
1008, at Page 552.

## EXHIBIT C

ALL THAT certain lot, piece or parcel of land. with the buildings
and improvements thereon, together with all rights and privileges
thereunto belonging, situate in the City of Portsmouth, Virginia.
and being bounded and described as follows, to-wit:

BEGINNING at a point on the southern right-of-way of the
Norfolk and Portsmouth Belt Line Railroad (D.B. 376, Pg. 374 and
M.B. 11, Pg. 37), said point being the northeast corner of property
owned by Elm Leasing Company (D.B. 386, Pg. 27); thence with
the southern right-of-way of the Norfolk and Portsmouth Belt Line
Railroad, S 74°59'22" E 231.76' feet to an iron pin at the
northwest corner of property now or formerly owned by Howard S.
Adkins (D.B. 1230, Pg. 1201); thence with the western line of
Howard S. Adkins, S02°35'28" W 56.28 feet to a point: thence
leaving the line of Adkins and through the lands of Peck-
Portsmouth Recycling Company, (D.B. 1302, Pg. 1152), N
79°25'42" W 186.91 feet to a point, S 56°28'37" W 66.11 feet to
a point, S 12°22'56" W 81.54 feet to a point, S 02°33'06" W
648.61 feet to a point, N 87°45' 20" W 17.01 feet to a point on the
line of Elm Leasing Company; thence with the line of Elm Leasing
Company, N 02°38'14" E 404.64 feet to a point, N 87°28'57" W
19.91 feet to a point, N 10°34'18" E 447.93 feet to the point of
beginning, containing 0.646 acres.

0099 0582

# EXHIBIT D

ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon, together with all rights and privileges thereunto belonging, situate in the City of Portsmouth, Virginia, and being bounded and described as follows, to-wit:

BEGINNING at a point on the eastern line of property owned by the United States Government (Tax Map 386, Parcel 5), said point being the northwest corner of property owned by Peck-Portsmouth Recycling Company (D.B. 1302, Pg. 1152); thence with the of the United States Government, N 02°14'12" E 117.14 feet to a point; thence leaving the line of the United States Government and through the lands of Elm Leasing Company (D.B. 386, Pg. 27), S 87°45'20" E 219.25 feet to a point on the western line of property owned by Peck-Portsmouth Recycling Company (D.B. 1302, Pg. 1152); thence with the line of Peck-Portsmouth Recycling Company, S 02°38'14" W 117.28 feet to a point, N 87°43'10" W 218.43 feet to the point of beginning, containing 0.589 acres.

Inst. #0300476074

VIRGINIA-IN THE Clerk's Office of the Circuit Court of the City of Portsmouth. This Deed was received this _5th_ day of _June_ , 20 _03_ at _2:37P_ M, and upon certificate _____ acknowledgement, thereto annexed, admitted to record.

Clerk By _____ D.C.

7

BX0000PG0768

Instrument Control Number

050 027286

# Commonwealth of Virginia
## Land Record Instruments
## Cover Sheet - Form A

[ILS VLR Cover Sheet Agent 1.0.83]

| | |
|---|---|
| T A X | C O R P |

Date of Instrument: [12/16/2005 ]
Instrument Type: [OTHER ]

Number of Parcels [ 2]
Number of Pages [ 3]

City [x] County [ ] [Portsmouth ]

(Box for Deed Stamp Only)

**First and Second Grantors**

| | | Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|---|---|
| [ ] | [x] | [Peck-Portsmouth Recyc ] [ | ] [ | ] [ | ] |
| [ ] | [x] | [Elm Leasing Co. ] [ | ] [ | ] [ | ] |

**First and Second Grantees**

| | | Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|---|---|
| [ ] | [x] | [Peck-Portsmouth Recyc ] [ | ] [ | ] [ | ] |
| [ ] | [x] | [Elm Leasing Co. ] [ | ] [ | ] [ | ] |

| Grantee Address | (Name) | [Elm Leasing Co. | ] |
|---|---|---|---|
| | (Address 1) | [9327 Midlothian Turnpike | ] |
| | (Address 2) | [Suite 1-N | ] |
| | (City, State, Zip) | [Richmond | ] [VA ] [23235 ] |

Consideration [0.00 ] Existing Debt [0.00 ] Assumption Balance [0.00 ]

| Prior Instr. Recorded at: City [x] County [ ] [Portsmouth | ] Percent. in this Juris. [ 100] |
|---|---|
| Book [ ] Page [ ] | Instr. No [ ] |
| Parcel Identification No (PIN) | [03860026 ] |
| Tax Map Num. (If different than PIN) | [03860026 ] |
| Short Property Description | [22.870 ac, Paradise Creek, Parcel B ] |
| | [ ] |
| Current Property Address (Address 1) | [3850 Elm Avenue ] |
| (Address 2) | [ ] |
| (City, State, Zip) | [Portsmouth ] [VA ] [23704 ] |

| Instrument Prepared By | [Cooper, Spong & Davis | ] |
|---|---|---|
| Recording Paid for By | [LeClair Ryan | ] |
| Return Recording To (Name) | [Erin Taylor | ] |
| (Address 1) | [LeClair Ryan | ] |
| (Address 2) | [999 Waterside Dr., Ste. 2525 | ] |
| (City, State, Zip) | [Norfolk | ] [VA ] [23510 ] |
| Customer Case ID | [15708.0004 ] [ ] [ | ] |

Cover Sheet Page # 1 of 2



Instrument Control Number

[                    ]

## Commonwealth of Virginia
**Land Record Instruments**
**Continuation Cover Sheet**
**Form C**

[ILS VLR Cover Sheet Agent 1.0.83]

TAXEXEMP | GRANTOR | GRANTEE | COPR

| Date of Instrument: | [12/16/2005 ] |
| Instrument Type: | [OTHER ] |
| Number of Parcels | [ 2] |
| Number of Pages | [ 3] |
| City _x_ County ___ | [Portsmouth ] |

(Box for Deed Stamp Only)

### Grantors/Grantees/Parcel Continuation Form C

| | Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|---|
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |
| ☐☐☐☐ | [              ] | [              ] | [              ] | [        ] |

Prior Instr. Recorded at: City ⊠ County ☐ [Portsmouth   Percent. in this Juris. [ 100]
Book [         ]      Page  [         ]      Instr. No [              ]
Parcel Identification No (PIN)      [03860027              ]
Tax Map Num.   (If different than PIN)   [03860027              ]
Short Property Description   [3.047 ac, Parcel A
                              ]
Current Property Address (Address 1)   [3650 Elm Avenue
                           (Address 2)   [              ]
                           (City, State, Zip)  [Portsmouth        ] [VA ] [23704  ]

Prior Instr. Recorded at: City ☐ County ☐ [              ]  Percent. in this Juris. [    ]
Book [         ]      Page  [         ]      Instr. No [              ]
Parcel Identification No (PIN)      [              ]
Tax Map Num.   (If different than PIN)   [              ]
Short Property Description   [
                              ]
Current Property Address (Address 1)   [              ]
                           (Address 2)   [              ]
                           (City, State, Zip)  [              ] [   ] [       ]



Cover Sheet Page # 2 of 2

**PECK-PORTSMOUTH RECYCLING CO.**
**a Virginia corporation**

**TO**                                        **DEED OF BOUNDARY SETTLEMENT**

**ELM LEASING CO.**
**a Virginia corporation**

THIS DEED OF BOUNDARY SETTLEMENT, made and entered into this _16_ day of

December, 2005, by and between PECX-PORTSMOUTH RECYCLING CO., a Virginia

corporation, Grantor and Grantee, party of the first part, whose address is 9327 Midlothian

Turnpike, Suite 1-N, Richmond, Virginia 23235 and ELM LEASING CO., a Virginia

corporation, Grantee and Grantor, party of the second part, whose address is 9327 Midlothian

Turnpike, Suite 1-N, Richmond, Virginia 23235.

WITNESSETH:

WHEREAS, the party of the first part and the party of the second part are the owners of

two adjoining tracts of land designated on City of Portsmouth Tax Map 386, as Parcels 2.6 and

2.7, lying on the south side of Virginia State Route 337 (Elm Avenue) in the City of Portsmouth,

Virginia; that there exists some question as to the correct boundary line between the lands of the

parties; and,

WHEREAS, the parties have caused the land to be surveyed by Hoggard / Eure

Associates, P.C., a plat of which survey is entitled "RESUBDIVISION OF PARCELS 'A' AND

'B' AS SHOWN IN MAP BOOK 19, PAGE 133"dated October 3, 2005, revised December 6,

Tax Parcel Identification Nos. 0386 0026 & 0386 0027

This instrument prepared by:
Cooper, Spong & Davis, P.C.
P.O. Box 1475
Portsmouth, Virginia 23704-1475                        1

2005, and is recorded simultaneously herewith in the Map Books of the Circuit Court of the City of Portsmouth; and,

WHEREAS, the party of the first part and the party of the second part agree that the true and correct boundary line between their respective lands is that certain boundary line shown on the attached plat as the line beginning at the point the eastern boundary line of the property now or formerly belonging to the United States Government known as the Scott Center Annex meets the southern boundary line of the property of Elm Leasing Co. and thence running North 87°45'20" West for a distance of 236.26 feet to a point, thence South 02°33'06" West for a distance of 605.72 feet to a point, thence South 13°32'28" West for distance of 91.91 feet to a point, thence South 45°23'39" West for a distance of 65.16 feet to a point, thence South 87°33'23" West to a point and thence North 79°25'42" West for a distance of 82.17 feet to the point it meets the western boundary line of the property now or formerly belonging to Howard S. Adkins.

NOW, THEREFORE, in consideration of the premises and the sum of One Dollar ($1.00), cash in hand paid, the receipt of which is hereby acknowledged by Peck-Portsmouth Recycling Co., the party of the first part does hereby agree that said line is the true and correct boundary line between the lands of the parties, and does hereby quitclaim, convey and release unto Elm Leasing Co. all his right, title and interest in and to the land lying on the north and west side of the aforesaid boundary line.

AND, in consideration of the premises and the sum of One Dollar ($1.00), cash in hand paid, the receipt of which is hereby acknowledged by Elm Leasing Co., the party of the second part does hereby agree that said line is the true and correct boundary line between the lands of the

2

parties and does hereby quitclaim and release unto Peck-Portsmouth Recycling Co. all his right,

title and interest in and to the land lying on the south and east side of the aforesaid boundary line.

IN WITNESS WHEREOF, the parties hereto have caused this Deed to be executed.:

Peck-Portsmouth Recycling Co.

By: _B David Peck_

President

Elm Leasing Co.

By: _B David Peck_

President

STATE OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was acknowledged before me this 16th day of December, 2005
by B. David Peck, President of Peck-Portsmouth Recycling Co., a Virginia corporation, on behalf
of the corporation.

_Andrea M King_

Notary Public

My commission expires: 5/31/06

STATE OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

The foregoing instrument was acknowledged before me this 16th day of December, 2005
by B. David Peck, President of Elm Leasing Co., a Virginia corporation, on behalf of the
corporation.

_Andrea M King_

Notary Public

My commission expires: 5/31/06

3

INSTRUMENT #050027286
RECORDED IN THE CLERK'S OFFICE OF
PORTSMOUTH ON
DECEMBER 29, 2005 AT 02:57PM
CYNTHIA P. MORRISON, CLERK

RECORDED BY: LXM

4500-N00181-00011
(Peck Iron & Metal Co - 1.361 AC)

This instrument is exempt from the
Tax imposed by Virginia Code Section
88.1-802 pursuant to Virginia
Administrative Code Section
243 VAC-320.E.7

All correspondence pertaining
to this deed should include a
reference to N62470-99-RP-00038

Prepared by: Department of the Navy
Atlantic Division
Naval Facilities Engineering Command
1510 Gilbert Street, Norfolk, Virginia 23511-2699

## QUITCLAIM DEED

THIS DEED, made this 23rd day of February, 1999, between the
UNITED STATES OF AMERICA, acting by and through the Department of
the Navy, Atlantic Division, Naval Facilities Engineering Command,
with offices at 1510 Gilbert Street, Norfolk, Virginia 23511-2699,
hereinafter referred to as the GRANTOR, and THE PECK COMPANY, a
Virginia corporation, hereinafter referred to as the GRANTEE:

One West Cary St  Richmond, Va 23220

## WITNESSETH:

WHEREAS, The GRANTOR is acting in carrying out this
conveyance under and pursuant to authority provided by Section
2814 of Public Law 103-160, the National Defense Authorization Act
for Fiscal Year 1995 which named as transferee the "Peck Iron &
Metal Company, Incorporated;" and

WHEREAS, the current corporate name of the GRANTEE was
adopted by Articles of Amendment to the Articles of Incorporation
of Peck Iron & Metal Company, Incorporated, dated October 1, 1997,
and filed with the Virginia State Corporation Commission on
October 9, 1997.

BK 1252 PG 0197

NOW THEREFORE, the GRANTOR, for and in consideration of the sum of Fifteen Thousand Dollars ($15,000.00) duly paid by the GRANTEE at or before the sealing and delivery of this Deed, the receipt of which is hereby acknowledged, does hereby remise, release and forever quitclaim unto the GRANTEE, its successors and assigns, without representation or warranty, expressed or implied, all its right, title, interest, claim and property in and to that certain described tract or parcel of land situate, lying and being in the City of Portsmouth, Virginia, and more particularly described as follows, hereinafter referred to as the PROPERTY:

> Beginning at a found iron pin on the southern right-of-way line of Old Burtons Point Road (30'R/W); thence N80°34'04"W, 53.00 feet to a found iron pin at the intersection of the southern right-of-way of Old Burtons Point Road and the western right-of-way of Victory Boulevard (R/W varies); thence, N86°50'28"W, 92.97 feet to the True Point of Beginning; thence, leaving the right-of-way of Old Burtons Point Road with the line of JSP Land Co. (D.B. 1008, Pg. 542) S35°36'44"W, 154.05 feet to a set iron pin; thence, S39°05'31"W, 99.83 feet to a found iron pin, a corner of United States of America, Parcel (a) (D.B. 775, Pg. 534, recorded in Chesapeake, VA); thence, through the land of United States of America, Parcel (c)(D.B. 775, Pg. 534, recorded in Chesapeake, VA) N86°50'29"W, 281.94 feet to a set iron pin; thence, S35°39'19"W, 274.54 feet to a set iron pin, a corner of JSP Land Co. (D.B. 1008, Pg. 548); thence, with the line of JSP Land Co. N00°58'38"E, 442.71 feet to a found iron pin; thence, along the southern right-of-way of Old Burtons Point Road S86°50'28"E, 164.35 feet to a found PK nail; thence, leaving the aforementioned right-of-way and with the line of JSP Land Co. (D.B. 1008, Pg. 554) S03°09'31"W, 200.00 feet

Page 2 of 12

BK 1 2 5 2 PG 0 1 9 8

to a set iron pin; thence, S86°50'29"E, 259.89 feet to a found iron pin at the most westerly corner of United States of America, Parcel (c) (D.B. 775, pg. 534), recorded in Chesapeake, VA); thence, with the line of JSP Land Co. N44°07'01"E, 112.62 feet to a set iron pin; thence, N33°08'44"E, 132.71 feet to a set iron pin on the southern right-of-way line of Old Burtons Point Road (30' R/W); thence, with said right-of-way S86°50'28"E, 23.14 feet to the True Point of Beginning.

Said parcel, totaling 59,283 square feet or 1.361 acres, more or less, being part of a 60.638 acre tract owned by the United States of America, Norfolk Naval Shipyard as shown in Deed Book 775, Page 534, Chesapeake, Virginia, all as shown in that certain plat entitled "Minor Subdivision of a Portion of Property as Described in D.B. 775, Pg. 534 (Chesapeake) for United States of America", dated March 31, 1995 recorded simultaneously herewith in the map books of the Clerk's Office of the Circuit Court of the City of Portsmouth.

TOGETHER WITH the improvements thereon, and the rights, roads, ways, waters, privileges, appurtenances and advantages belonging thereto.

SUBJECT to any and all outstanding reservations, easements, and rights-of-way, recorded and unrecorded, for public roads, railroads, pipelines, drainage ditches, sewer mains and lines and public utilities affecting the PROPERTY and the covenants, conditions and restrictions set forth below.

1. The GRANTEE accepts conveyance of the PROPERTY as a Potentially Responsible Party with respect to the PROPERTY pursuant to Sections 107(a) and 120 (h) (3) of the Comprehensive

BK 1 2 5 2 PG 0 7 9 9

Environmental Response, Compensation, and Liability Act (CERCLA) of 1980 [42 U.S.C. 9607 (a) and 9260(h)(3)].


2. The GRANTEE covenants, as provided in Paragraph 2B. of Addendum No. 1 to Lease N62470-99-RP-00037 between the GRANTEE and the GRANTOR, that no hazardous substance, as this term is defined in CERCLA Section 101(14) [42 U.S.C. 9601(14)], has been released or disposed of on the PROPERTY during the term of such lease. In addition, the GRANTEE covenants that, to the best of GRANTEE's knowledge, no hazardous substance has ever been stored on the PROPERTY for any period greater than one year.

3. FUTURE AUTHORITIES, RESPONSIBILIES AND LIABILITIES FOR ENVIRONMENTAL CONDITIONS ON THE PROPERTY


a. The GRANTEE, for itself and for GRANTEE's heirs, successors and assigns, grants the GRANTOR, AND GRANTOR'S DEPARTMENTS, BRANCHES, INSTRUMENTALITIES, COMPONENTS AND SUCCESSORS a PERPETUAL RIGHT OF ACCESS to the PROPERTY for any case after the date of this DEED in which the GRANTOR, AND GRANTOR'S DEPARTMENTS, BRANCHES, INSTRUMENTALITIES, COMPONENTS AND SUCCESSORS desires or is required to take any remedial action or corrective action at the PROPERTY or such access is necessary for the GRANTOR, AND GRANTOR'S DEPARTMENTS, BRANCHES, INSTRUMENTALITIES, COMPONENTS AND SUCCESSORS to carry out a remedial action or corrective action on any adjoining property. Such perpetual right of access shall run with the land and be

Page 4 of 12

binding on all future owners of the PROPERTY. The GRANTEE also agrees to include in any real property instrument or contractual agreement with any other party governing use or possession of the PROPERTY a provision clearly providing the GRANTOR, AND GRANTOR'S DEPARTMENTS, BRANCHES, INSTRUMENTALITIES, COMPONENTS AND SUCCESSORS right of access to the PROPERTY for any case in which the GRANTOR, AND GRANTOR'S DEPARTMENTS, BRANCHES, INSTRUMENTALITIES, COMPONENTS AND SUCCESSORS desires or is required to take any remedial action or corrective action at the PROPERTY after the date of this DEED or such access is necessary to carry out any remedial action or corrective action on any adjoining property.

b. For good and valuable consideration acknowledged by the GRANTEE, the GRANTEE, for itself and for GRANTEE's heirs, successors and assigns, hereby agrees to indemnify and hold harmless the GRANTOR, and GRANTOR's departments, branches, instrumentalities, components and successors, from and against any claims, demands, expenses, damages, liabilities (including sums paid in settlement of claims), fines, penalties, judgments, including without limitation third party claims for personal injury, personal property damage or under environmental laws allowing for private party enforcement, interest or losses, and all costs and expenses incurred in connection therewith, that arise directly or indirectly from or in connection with the operations of the GRANTEE on the PROPERTY prior to the date of this DEED or after the date of this DEED, or any condition of the

Page 5 of 12

BK 1 2 5 2 PG 0 8 0 1

PROPERTY or other property (including without limitation adjoining property owned by the GRANTOR), including without limitation the presence, suspected presence, release, suspected release, disposal or suspected disposal of any hazardous substance of any kind or petroleum product or their derivatives, whether into the air, soil, surface water, groundwater, pavement, structures, fixtures, or other personalty at the PROPERTY or other property, including without limitation adjoining property owned by the GRANTOR, resulting from the acts or omissions of the GRANTEE, or GRANTEE's heirs, successors and assigns, prior to the date of this DEED or after the date of this DEED.

c.   Without limiting the generality of the foregoing, the indemnification set forth herein shall specifically cover costs, including capital, operating and maintenance costs, incurred by the GRANTOR in connection with any remedial action or corrective action undertaken by the GRANTOR under Federal, State or local law or required by any Federal, State or local governmental agency or political subdivision or performed by any Federal, State or local governmental agency or political subdivision or by any non-governmental entity or person because of the presence, suspected presence, release, suspected release, disposal or suspected disposal of any hazardous substance or petroleum product or their derivatives in the air, soil, surface water or groundwater at the PROPERTY or other property (including without limitation adjoining property owned by the GRANTOR), resulting directly or indirectly from or in connection with the operations

RK 1 2 5 2 PG 0 8 0 2

of the GRANTEE, or GRANTEE's heirs, successors and assigns, on the PROPERTY prior to the date of this DEED or after the date of this DEED.

d.  For good and valuable consideration acknowledged by the GRANTEE, the GRANTEE releases and discharges the GRANTOR, and GRANTOR's departments, branches, instrumentalities, components and successors, from any and all claims, demands, actions or causes of actions of every kind and nature whatsoever that may have accrued or may ever accrue to the GRANTEE, with knowledge that such may now or in the future exist, that relate to, or are in any way connected with, any environmental condition on the PROPERTY prior to the date of this DEED or after the date of this DEED, including without limitation conditions caused on the PROPERTY by the presence, suspected presence, release, suspected release, disposal or suspected disposal in the air, soil, surface water or groundwater at the PROPERTY of any hazardous substance or petroleum product or their derivatives.  This release includes without limitation any and all claims for indemnity or contribution the GRANTEE may have against the GRANTOR based on GRANTOR's acts or omissions, either prior to the date of this DEED or after the date of this DEED, under CERCLA or other Federal, Virginia or local laws, either now in effect or that may be enacted in the future, that govern liability for the remediation of any hazardous substance or petroleum product or their derivatives. The GRANTEE agrees that this release is binding on all of GRANTEE's heirs, successors and assigns.

Page 7 of 12

BK I 2 5 2 PG 0 8 0 3

    e.   Nothing in this DEED shall be interpreted as waiving the rights of the GRANTOR to recover from the GRANTEE, or GRANTEE's heirs, successors and assigns, any and all damages, claims, losses, liabilities, penalties, penalties, fines, liens, judgements, costs, or expenses whatsoever, that may arise on account of or in any way connected with operations of the GRANTEE, or GRANTEE's heirs, successors and assigns, on the PROPERTY prior to the date of this DEED or after the date of this DEED, or on account of any condition of the PROPERTY or other property (including without limitation adjoining property owned by the GRANTOR), including without limitation the presence, suspected presence, release, suspected release, disposal or suspected disposal of any hazardous substance of any kind or petroleum product or their derivatives, whether into the air, soil, surface water, groundwater, pavement, structures, fixtures, or other personalty at the PROPERTY or other property, including without limitation adjoining property owned by the GRANTOR, resulting from the acts or omissions of the GRANTEE, or GRANTEE's heirs, successors and assigns, prior to the date of this DEED or after the date of this DEED, under applicable Federal, State or local law, including without limitation the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (42 U.S.C. 9601 et seq.).

Case 2:24-cv-00487-RBS-DEM   Document 1-9   Filed 08/07/24   Page 42 of 49 PageID# 104

f. The indemnification and release set out herein shall be forever binding on the GRANTEE, and GRANTEE's heirs, successors and assigns.

g. For the purposes of this provision, the term "remedial action or corrective action" means any assessment, investigation, study or monitoring of site conditions or any remediation, removal, corrective action, restoration work or cleanup of any kind at a site.

h. For the purposes of this provision, the term "hazardous substance" means any hazardous, harmful, odorous, radioactive, toxic or dangerous waste, substance or material, including, without limitation, asbestos, and polychlorinated biphenyl's ("PCBs"), and any hazardous or toxic substance, material or waste, or any pollutant or contaminant defined as such in, or for the purposes of, any environmental laws as are now or in the future may be in effect. The GRANTEE's obligation under this provision shall extend to any and all such hazardous substances whether or not such substance was defined, recognized, known, or suspected of being hazardous, toxic, dangerous, or wasteful at the time of any act or omission giving rise to the GRANTEE'S obligation.

4. The GRANTEE, for itself and for GRANTEE's heirs, successors, and assigns and every successor in interest to the PROPERTY, or any part thereof, covenants that the GRANTEE, and GRANTEE's

RK 1 2 5 2 PG 0 8 0 5

heirs, successors, and assigns, shall not discriminate upon the basis of race, color, religion, national origin, or sex in the use, occupancy, sale, or lease of the PROPERTY, or in their employment practices conducted thereon. This covenant shall not apply, however, to the lease or rental of a room or rooms within a family dwelling unit; nor shall it apply with respect to religion to premises used primarily for religious purposes. The GRANTOR shall be deemed a beneficiary of this covenant without regard to whether it remains the owner of any land or interest therein in the locality of the PROPERTY and shall have the sole right to enforce this covenant in any court of competent jurisdiction.

TO HAVE AND TO HOLD the PROPERTY, unto the said GRANTEE, and GRANTEE's heirs, successors and assigns, in fee simple, forever.

BK 1 2 5 2 PG 0 8 0 6

IN WITNESS WHEREOF, the parties have caused these presents to be executed this 23rd day of February, 1999.

UNITED STATES OF AMERICA

ROBERT T. RENNER
Realty Specialist
Real Estate Development Branch
Real Estate Division
REAL ESTATE CONTRACTING OFFICER
By direction of the Commander
Atlantic Division, Naval Facilities
Engineering Command
Norfolk, Virginia 23511-2699


ATTEST:                          THE PECK COMPANY

Sec. Treas.

B. DAVID PECK
President
The Peck Company

RK 1 2 5 2 PG 0 8 0 7

City of Portsmouth        )
Commonwealth of Virginia )
                          )

    The foregoing instrument was acknowledged before me this
23rd day of February, 1999, by B. David Peck, President of The
Peck Company, a Virginia corporation, on behalf of the
corporation.

                        _Andrew M King_____
                            Notary Public

My commission expires:      _May 31, 2002_____


City of Portsmouth        )
Commonwealth of Virginia )
                          )

    The foregoing instrument was acknowledged before me this
23rd day of February, 1999, by ROBERT T. RENNER for the United
States of America.

                        _Andrew M King_____
                            Notary Public

My commission expires:      _May 31, 2002_____


INSTRUMENT #990001895
RECORDED IN THE CLERK'S OFFICE OF
PORTSMOUTH ON
MARCH  2, 1999 AT 03:22PM
WALTER M. EDMONDS, CLERK
BY: _____ (DC)

Page 12 of 12

BK1302 PG1152

009480

0305078 - B

COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION

December 28, 1989

The State Corporation Commission has found the accompanying arti-
cles submitted on behalf of

PECK-PORTSMOUTH LAND CO.

to comply with the requirements of law. Therefore, it is ORDERED
that this

## CERTIFICATE OF MERGER

be issued and admitted to record with the articles in the office
of the Clerk of the Commission.

PECK-PORTSMOUTH LAND CO.

are merged into PECK-PORTSMOUTH RECYCLING CO., which will continue
to be a corporation existing under the laws of the State of
VIRGINIA with the corporate name PECK-PORTSMOUTH RECYCLING CO..
The existence of all non-surviving corporations will cease, ac-
cording to the plan of merger.

The certificate is effective on December 27, 1989.

STATE CORPORATION COMMISSION

By _____
             Commissioner

MERGACPT
CIS20436
89-12-20-0096

**M1302M1153**

# Commonwealth of Virginia



## State Corporation Commission

## I Certify the Following from the Records of the Commission:

the foregoing is a true copy of the CERTIFICATE OF MERGER of PECK-PORTSMOUTH RECYCLING CO. issued December 28, 1989.

Nothing more is hereby certified.



**Signed and Sealed at Richmond on this Date:** March 11, 1999.

*Joel H. Peck*

_____
Clerk of the Commission

–2–

CIS20448

BK1302PG1154

INSTRUMENT #000000400
RECORDED IN THE CLERK'S OFFICE OF
PORTSMOUTH VA
JULY 26, 2000 AT 10:18AM
WALTER M. EDMONDS, CLERK

BY: *Betty Bynum*                    (DC)

